IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHEILA LYNN TRIPLETT,<br><br>Plaintiff,<br><br>vs.<br><br>SELDIN COMPANY, ALICIA CLARK, CEO; JENNY CLAYTON, SVP; ASHLEY MCKIBBIN, Local Manager; and SHERI WARE, Regional Portfolio Managers;<br><br>Defendants. | 8:23CV185<br><br>ORDER |

    This matter is before the Court on the parties' joint motion to extend wherein the parties move the Court to extend various deadlines by 45 days. For the reasons herein, this motion will be denied.

BACKGROUND

    This case was filed in May 2023. Thereafter, it was reviewed by the supervising pro se judge and reassigned from the pro se docket. Filing Nos. 7, 9. After various motions and amended pleadings, a final progression order was entered in September 2024. Filing No. 35. Based on the parties' joint motion, the deadlines were thereafter extended by 90 days. Filing No. 46. The resulting final progression order, issued on May 13, 2025, specifically stated, **"[Extension] requests will not be considered absent a substantial showing of good cause."** Filing No. 46 (emphasis in original).

1

On August 12, 2025, the parties had a conference with the Court during which case progression was discussed. Filing No. 47. At that time, the parties jointly requested extensions to various deadlines, including two deadlines that had already expired with no request for extension prior to their expiration. During this call, the Court discussed its concerns regarding case progression and warned the parties that it would be apprehensive to grant any further extensions. As a result of this conference, the final progression order was again amended. This order reopened the written discovery deadline and the deposition deadline, both which had expired, and extended the dispositive motion deadline. Filing No. 50. This order extended the deadlines <u>over 130 days</u>. Filing No. 50. The final progression order again specifically stated, **"[Extension] requests will not be considered absent a substantial showing of good cause.**" Filing No. 50 (emphasis in original).

The parties now move to extend the written discovery deadline, deposition deadline, and dispositive motion deadline by 45 days. They also request to reopen and extend the *Daubert* deadline, a deadline that expired on September 4, 2025. In support of this motion, the parties note that a settlement conference with the Court is tentatively set for December 22, 2025, and they wish to avoid unnecessary expense conducting depositions prior to that conference. Filing No. 61.

ANALYSIS

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). "Accordingly, the district court has broad discretion in establishing and enforcing the deadlines." *Id*. (citing Fed. R. Civ. P. 16). Under Rule 16, a schedule (such as the case-progression and trial-setting order at issue in this case) may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause

2

is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).

The parties failed to show good cause warranting amendment of the Court's August 12, 2025 Final Progression Order. Primarily, the parties were warned multiple times that it was unlikely further extensions would be granted. While the undersigned recognizes the impending expense of completing depositions, the depositions currently scheduled, including that of the Plaintiff, are pivotal to the case and should have been undertaken long ago. The undersigned simply cannot find that good cause exists for reopening and extending deadlines when the parties have not diligently pursued discovery and when the reason for such extension is solely to explore settlement via a settlement conference with the Court. Moreover, the approaching depositions may aid in resolving this case in the upcoming settlement conference. Finally, were the undersigned to grant the motion, this case would not be ready for trial until July 2026 – over three years after it was originally filed.

For the reasons set forth herein, the parties' joint motion to extend, Filing No. 61, is denied.

Dated this 4th day of December, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge