IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHEILA LYNN TRIPLETT,

        Plaintiff,

vs.

SELDIN COMPANY, ALICIA CLARK, CEO;
JENNY CLAYTON, SVP; ASHLEY
MCKIBBIN, Local Manager; and SHERI
WARE, Regional Portfolio Managers,

        Defendants.

**8:23CV185**

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Plaintiff Sheila Triplett's Motion for Appointment of Counsel. Filing No. 88. Plaintiff's motion is denied without prejudice for the reasons set forth herein.

For context, the Court appointed Plaintiff counsel at the beginning of this case after granting her motion to proceed *in forma pauperis*. Filing No. 6; Filing No. 7. In doing so, the Court noted that, upon initial review, Plaintiff alleged sufficient facts in her Complaint to state claims for relief under the Fair Housing Act and the Rehabilitation Act. The Court also noted Plaintiff tried for over a year to find an attorney and that her ability to present her claims past the initial review stage was hindered by her physical and mental health issues, including a brain injury. Accordingly, the Court concluded Plaintiff and the Court would benefit from the appointment of counsel.

Plaintiff's Court-appointed attorney later moved to withdraw in November 2025. Filing No. 53. After holding a hearing, the Court denied counsel's motion. *See* Filing No. 58. The parties subsequently participated in a settlement conference with the

1

undersigned magistrate judge. Plaintiff was represented during the settlement conference by her Court-appointed attorney. A settlement was reached and read into the record and the Court set a deadline to file dismissal documents. *See* Filing No. 74; Filing No. 76; *see also* Filing Nos. 78, 85 (extending the dismissal document deadline).

After the settlement conference, Plaintiff's Court-appointed attorney moved to withdraw a second time. Filing No. 79. The Court held a hearing in March 2026 and granted counsel's motion to withdraw. During the hearing, Plaintiff orally moved, pro se, for the Court to appoint substitute counsel. The Court denied Plaintiff's motion without prejudice for the reasons stated on the record. *See* Filing No. 86. Specifically, the Court held:

> I understand your request, Ms. Triplett, and I understand that counsel was appointed for you IFP [*in forma pauperis*] early on in this case. Early on in this case, there was a lot to do. There was discovery, . . . there were complex motions, there was a potential trial. The procedural posture of this case now is not that because there is a settlement agreement that, at least this Court is aware of, remains valid at this point in time. And, so . . . there is not as much to do, so the procedural posture is not as complex . . . [T]hroughout the course of . . . this case, we've discussed particular issues and . . . I do think that [(the settlement agreement)] that's a narrow enough issue that at this point in time, that if that's something you would like to contest, Ms. Triplett, that you would be able to do that pro se. And, obviously, like I mentioned to you on the record, you can go out and find an attorney as well, it's just the Court is not going to facilitate it at this point in the case. So, at this time, the motion is denied without prejudice.

Filing No. 82 at 16:52–18:23.

Plaintiff subsequently moved pro se to vacate the settlement. Filing No. 87; Filing No. 89. She also renewed her motion for the Court to appoint substitute counsel. Filing No. 88. The issue currently pending before the Court is the motion for the appointment of substitute counsel.[1]

The Court may appoint substitute counsel after an appointed attorney moves to withdraw. NEGenR 1.3(h). "The trial court has broad discretion to decide whether both

---

[1] Plaintiff includes arguments pertaining to the appointment of substitute counsel in her briefing on the motions to vacate settlement. The Court considers these arguments as well as the arguments in her motion to appoint counsel to rule on the instant motion.

the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present [her] claims." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). The Court may also consider whether and to what extent the unrepresented party made any effort to retain counsel before seeking court-appointed counsel. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). A "court's earlier determination that counsel [is] necessary raises a strong question about" later refusals to appoint substitute counsel. *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992). "Failure to provide a hearing or a thorough explication of the reasons for denying substitute counsel may constitute abuse of discretion[.]" *Taylor v. Dickel*, 293 F.3d 427, 430 (8th Cir. 2002) (internal citations omitted).

Plaintiff argues the Court should appoint counsel because, in addition to her physical and mental limitations, she is grieving the recent passing of her father. Filing No. 87 at 7. She also argues she lacks the legal training to review the written settlement agreement Defendants drafted after the settlement conference. *Id.*

As an initial matter, a second hearing on this issue is not necessary. The Court addressed the appointment of substitute counsel during the March motion to withdraw hearing. Plaintiff does not request a second hearing and does not point to anything new since the hearing occurred that would justify holding a second hearing.[2]

Substantively, the appointment of substitute counsel is not presently warranted. As the Court stated on the record during the hearing, the procedural posture of this case is significantly less complex than when the Court initially appointed counsel. At this point in time, the pending settlement agreement means Plaintiff is not required to conduct discovery, draft or defend dispositive motions, or proceed to trial pro se. Based on the Court's interactions with Plaintiff during prior hearings and the settlement conference, as

---

[2] The Court acknowledges Plaintiff asserts she sent documents to the Court prior to the motion to withdraw hearing and that she did not make certain arguments because she mistakenly believed the Court had received and reviewed these documents. *See* Filing No. 87 at 9, 12. *See generally* NEGenR 1.3(i) ("Once an attorney is appointed or retained, all further documents and other communications with the court must be submitted through the attorney unless the court permits otherwise."). This does not change the Court's analysis because the Court provided Plaintiff an opportunity to make a record concerning her request for the appointment of substitute counsel during the hearing.

well as the caliber of the briefing Plaintiff submitted in support of her motions to vacate settlement, Plaintiff is able to adequately represent her interests pertaining to the settlement pro se. The appointment of counsel at this stage would not be beneficial. If appropriate, Plaintiff may renew her motion for the appointment of substitute counsel after the Court rules on her motions to vacate the settlement agreement.

Accordingly,

IT IS ORDERED that Plaintiff's renewed Motion for Appointment of Counsel, Filing No. 88, is denied without prejudice.

Dated this 19th day of March, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge