IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHEILA LYNN TRIPLETT,<br><br>Plaintiff,<br><br>vs.<br><br>SELDIN COMPANY, ALICIA CLARK, CEO;<br>JENNY CLAYTON, SVP; ASHLEY<br>MCKIBBIN, Local Manager; and SHERI<br>WARE, Regional Portfolio Managers,<br><br>Defendants. | **8:23CV185**<br><br><br>**ORDER ON PLAINTIFF'S MOTION FOR<br>APPOINTMENT OF COUNSEL** |

This case is before the Court on *pro se* plaintiff Sheila Lynn Triplett's Motion entitled "Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1)." Filing 98. This Motion follows the denial by a magistrate judge of Triplett's prior "Pro Se Motion for Appointment of Counsel." Filing 88 (motion); Filing 91 (order denying motion). For the reasons stated below, Triplett's current "Motion for Appointment of Counsel" is denied.

## I.   INTRODUCTION

On initial review pursuant to 28 U.S.C. § 1915(e)(2), Senior United States District Court Judge Joseph F. Bataillon granted *pro se* plaintiff Sheila Lynn Triplett leave to proceed *in forma pauperis* on her claims of retaliation, disparate treatment, and harassment under the Fair Housing Act and the Rehabilitation Act, as well as her state-law claims. Filing 7 at 18 (¶ 3). In addition, Judge Bataillon granted Triplett's Motion to Appoint Counsel. Filing 3. Nearly two years later, on January 15, 2026, at a settlement conference before United States Magistrate Judge Jacqueline M. DeLuca, a settlement was reached and read into the record. Filing 74 (minute entry). However, on March 3, 2026, before settlement documents were filed, Triplett's appointed counsel moved to withdraw *inter alia* because Triplett insisted on "taking action that the lawyer has a fundamental

1

disagreement [with]." Filing 79 at 1. Judge DeLuca held a hearing on that motion, Filing 83, and granted it, Filing 86 at 1. Judge DeLuca also denied Triplett's oral motion to appoint substitute counsel. Filing 86 at 1.

On March 13, 2026, Triplett filed both an unsigned *pro se* Supplemental Motion to Vacate Settlement Agreement and Objection to Terms of Proposed Settlement with attachments, Filing 87, and a *pro se* Motion for Appointment of Counsel, Filing 88. On March 16, 2026, she filed another copy of the *pro se* Supplemental Motion to Vacate Settlement Agreement and Objection to Terms of Proposed Settlement, this one signed but with only one attachment. Filing 89. On March 19, 2026, Judge DeLuca denied Triplett's written Motion for Appointment of Counsel. Filing 91. Judge DeLuca concluded that she did not need to have another hearing on the motion for appointment of substitute counsel because she had addressed the appointment of substitute counsel during the hearing earlier that month on Triplett's appointed counsel's motion to withdraw, Triplett did not request another hearing, and Triplett did not point to anything new that had occurred since the hearing that would justify another hearing. Filing 81 at 3.

Judge DeLuca then concluded,

> Substantively, the appointment of substitute counsel is not presently warranted. As the Court stated on the record during the hearing, the procedural posture of this case is significantly less complex than when the Court initially appointed counsel. At this point in time, the pending settlement agreement means Plaintiff is not required to conduct discovery, draft or defend dispositive motions, or proceed to trial pro se. Based on the Court's interactions with Plaintiff during prior hearings and the settlement conference, as well as the caliber of the briefing Plaintiff submitted in support of her motions to vacate settlement, Plaintiff is able to adequately represent her interests pertaining to the settlement pro se. The appointment of counsel at this stage would not be beneficial. If appropriate, Plaintiff may renew her motion for the appointment of substitute counsel after the Court rules on her motions to vacate the settlement agreement.

Filing 91 at 3–4. Thus, Judge DeLuca denied Triplett's "renewed" Motion for Appointment of Counsel. Filing 91 at 4.

On March 30 and 31, 2026, Defendants filed a redacted version and a restricted unredacted version of their Brief in Resistance to Triplett's *pro se* Supplemental Motion to Vacate Settlement Agreement. Filing 94; Filing 95. Triplett's reply in support of setting aside the settlement is currently due on April 6, 2026. On April 1, 2026, Triplett filed the Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1) that is now before the Court. Filing 98.[1] The principal points of her argument for appointment of replacement counsel are that she is disabled, including suffering from a serious mental illness, so that she cannot represent herself, Filing 98 at 1–2; that her court-appointed counsel withdrew after failing to adequately represent her interests, in that counsel coerced her into a settlement including "deeply problematic provisions that any competent attorney advocating for [her] should have identified and rejected," Filing 98 at 2; that there are additional outstanding matters requiring counsel, including a list of documents and materials that Defendants had requested during Triplett's deposition but her appointed counsel had failed to provide her with that list, Filing 98 at 3; and that the interests of justice require appointment of new counsel because this case involves "complex" claims, Filing 98 at 3–4. These arguments overlap to some extent with but are not identical to the arguments in her prior motion addressed by Judge DeLuca. *See* Filing 88.

The penultimate paragraph of Triplett's current Motion states,

Magistrate Judge DeLuca denied Plaintiff's previous motion for appointment of counsel. Plaintiff respectfully asks this Court to review that decision and appoint new counsel. The need is urgent and the April 1, 2026 deadline is rapidly approaching.

Filing 98 at 4. The April 1, 2026, deadline to which Triplett refers appears to be the deadline for filing of dismissal papers pursuant to the settlement. Filing 85. However, that deadline was stayed

---

[1] The Motion bears the handwritten notation, "Ai wrote this for me." Filing 98 at 1.

by text order entered March 19, 2026. Filing 90. Triplett's current Motion concludes with the following request for relief:

> Plaintiff respectfully requests that this Court appoint new counsel to represent her immediately, both to address the pending settlement agreement and to prepare this case for the October 2026 trial date.

Filing 98 at 4.

## II. LEGAL ANALYSIS

Triplett's current Motion presents somewhat different arguments from her prior Motion for Appointment of Counsel denied by Judge DeLuca. Thus, it appears to be a free-standing "renewal" of the prior motion. Notably, Judge DeLuca observed, "If appropriate, Plaintiff may renew her motion for the appointment of substitute counsel after the Court rules on her motions to vacate the settlement agreement." Filing 91 at 4. Thus, Judge DeLuca's denial of substitute counsel indicated a subsequent motion might be considered, even if the point at which she indicated that such a subsequent motion would be considered has not yet been reached. Triplett's current Motion does not cite Federal Rule of Civil Procedure 72 or 28 U.S.C. § 636, the provisions of law that relate to objections to or review of rulings of magistrate judges by district judges. Nevertheless, the penultimate paragraph of Triplett's Motion requests "review" of Judge DeLuca's prior ruling. Filing 98 at 4. Thus, there is some question as to whether the current "Motion" is intended as yet another motion for appointment of substitute counsel or an objection to Judge DeLuca's refusal to appoint substitute counsel. Either way, Triplett's request for appointment of substitute counsel is denied as explained below.

### A. Triplett's Objection to Judge DeLuca's Ruling Is Denied

Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

**(a) Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue

4

a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (authorizing designation of a magistrate judge "to hear and determine any pretrial matter," and authorizing a district judge to "reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.") (citing 28 U.S.C. § 636(b)(1)(A)); *see generally Devine v. Walker*, 984 F.3d 605, 607–08 (8th Cir. 2020) (explaining that the Circuit Courts of Appeals lack jurisdiction over direct appeals of a magistrate judge's decision on a nondispositive pretrial matter and may only review decisions of a district court).

The Eighth Circuit Court of Appeals has explained that a finding of fact is clearly erroneous "only when [the court is] left with a 'definite and firm conviction that a mistake has been committed.'" *United States v. Gray*, 59 F.4th 329, 332 (8th Cir. 2023) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Doe v. United States*, 58 F.4th 955, 963 (8th Cir. 2023) (explaining that findings are not clearly erroneous when "[v]iewing the record as a whole, '[the court is] not left with the definite and firm conviction that a mistake has been committed.'") (quoting *United States v. Finley*, 612 F.3d 998, 1003 (8th Cir. 2010)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks omitted).

Triplett has not identified—and the Court has not found—anything "clearly erroneous" or "contrary to law" in Judge DeLuca's denial of Triplett's request for appointment of substitute counsel. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). First, Judge DeLuca's ruling was not "contrary to law" as she set out and correctly applied the relevant legal standards. *See* Filing 91 at 2–4; *see also Haviland*, 692 F. Supp. 2d at 1043. Nor is there anything in Judge DeLuca's findings of fact concerning Triplett's ability to litigate remaining matters that leaves the Court with a "definite and firm conviction that a mistake has been committed." *Gray*, 59 F.4th at 332 (citations omitted). Judge DeLuca based her findings on her firsthand observation of Triplett's written submissions and her behavior during the settlement conference and other proceedings.

Thus, to the extent that Triplett seeks review of Judge DeLuca's denial of her request for appointment of substitute counsel, her objections are overruled, and Judge DeLuca's ruling is affirmed.

### B. Triplett's Current Motion for Appointment of Substitute Counsel Is Denied

The Court will assume in the alternative that Triplett's current "Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1)" is intended as a renewal of her prior requests rather than a request for review of Judge DeLuca's ruling. The Eighth Circuit reviews a district court's refusal to substitute counsel for a civil litigant for abuse of discretion. *Taylor v. Dickel*, 293 F.3d 427, 430 (8th Cir. 2002).

"[A] civil litigant has no constitutional or statutory right to a court-appointed attorney." *Rayes v. Johnson*, 969 F.2d 700, 702 (8th Cir. 1992) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). Thus, a district court has discretion to make such an appointment in the first place, and "[t]he district court may also appoint substitute counsel when the circumstances so warrant." *Id.* (citing *Lewis v. Lane*, 816 F.2d 1165, 1169 (7th Cir. 1987)). The Eighth Circuit has observed,

6

> Failure to provide a hearing, *see Lewis v. Lane*, 816 F.2d 1165 (7th Cir.1987), or a thorough explication of the reasons for denying substitute counsel, *see Howland v. Kilquist*, 833 F.2d 639 (7th Cir. 1987), may constitute abuse of discretion in and of itself.

*Taylor*, 293 F.3d at 430. However, any such error may be harmless. *Id.*

The Eighth Circuit explained the relevant factors that the district court must consider on a request for court-appointed counsel:

> The appointment of counsel "'should be given serious consideration ... if the plaintiff has not alleged a frivolous or malicious claim'" and the pleadings state a prima facie case. [*In re Lane*, 801 F.2d 1040,] 1043 [(8th Cir. 1986)] (quoting *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir.1984)). The court must also ascertain the plaintiff's need for an attorney and his inability to obtain counsel on his own. *Id.* The inquiry regarding the plaintiff's need should focus on several factors, including the likelihood that the plaintiff and the court will benefit from the assistance of counsel, the factual complexity of the case, the plaintiff's ability to investigate the facts and present his claim, the existence of conflicting testimony, and the complexity of the legal issues. *Id.* at 1043–44 (citing *Redfield Lithograph Printing*, 728 F.2d at 1005, and *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir.1986)). These factors do not comprise an exclusive checklist. *Id.* at 1044. *See also Sours v. Norris*, 782 F.2d 106, 107 (8th Cir.1986) (per curiam) (discussion of factors); *White v. Walsh*, 649 F.2d 560, 563 (8th Cir.1981) (same).

*Rayes*, 969 F.2d at 703.

In this case, the Court concludes—as did Judge DeLuca—that there is no need for an additional hearing on Triplett's request for appointment of substitute counsel. *See Taylor*, 293 F.3d at 430 (explaining that failure to provide a hearing "may" be an abuse of discretion but may also be harmless). Triplett did not request another hearing, even after Judge Deluca explained why she did not believe another hearing was required. Also, as was the situation when the matter was before Judge DeLuca, Triplett has not identified any new circumstances since the last consideration of her request that might merit a hearing. Thus, the Court has not conducted a hearing on Triplett's current Motion. The Court can give Triplett's request the appropriate "serious consideration" without a hearing. *Rayes*, 969 F.2d at 703.

Like Judge DeLuca, the Court finds that Triplett has not demonstrated her need for an attorney, even if she has been unable to obtain counsel on her own. *Id.* What remains of the case on the current procedural footing is only the question of whether or not to set aside the settlement agreement, which is not unduly complex legally or factually in the first place. *Id.* (explaining that the court should consider the complexity of the case). Nor does the Court find that as to this remaining issue, Triplett or the Court will necessarily benefit from the assistance of replacement counsel. *Id.* (explaining that the court should consider whether appointed counsel will benefit the litigant or the court). Triplett has demonstrated in her written submissions that she is able to articulate effectively the grounds for her challenge to the settlement agreement and that she is well aware of the facts and circumstances on which her contentions are based. *Id.*

The Court is also mindful that Triplett sought and was granted appointed counsel during the critical phases of discovery and case preparation. Triplett's situation of facing further proceedings without the assistance of counsel is entirely of her own making. This situation is the result of her decision to ignore counsel's advice and to attempt to set aside a settlement that the Court does not find at first blush was inadequate or unreasonable. In fact, the Court believes the settlement in this case appears astonishingly generous to Triplett. Justice does not require the Court to appoint substitute counsel when a litigant has had the benefit of appointed counsel then appeared unwilling to accept that assistance.

Although the Court denies Triplett's request for appointment of substitute counsel, the Court will *sua sponte* grant her an extension of time to file a reply in further support of her Motions to Vacate Settlement Agreement to accommodate her circumstances.

Upon the foregoing,

IT IS ORDERED that

1.      Triplett's Motion entitled "Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1)," Filing 98, construed as objections to Judge DeLuca's ruling, Filing 91, is overruled, and Judge DeLuca's ruling is affirmed;

2.      Triplett's Motion entitled "Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1)," Filing 98, construed as a renewed motion for appointment of substitute counsel, is denied.

IT IS FURTHER ORDERED that Triplett's deadline to file any reply in further support of her Motions to Vacate Settlement Agreement is extended to and including April 20, 2026.

Dated this 6th day of April, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

9