IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHEILA LYNN TRIPLETT,<br><br>Plaintiff,<br><br>vs.<br><br>SELDIN COMPANY; ALICIA CLARK, CEO; JENNY CLAYTON, SVP; ASHLEY MCKIBBIN, Local Manager; and SHERI WARE, Regional Portfolio Manager,<br><br>Defendants. | **8:23CV185**<br><br>**MEMORANDUM AND ORDER ON *PRO SE* PLAINTIFF'S MOTION FOR RECONSIDERATION AND OBJECTIONS TO FINDINGS AND RECOMMENDATION FOR DISMISSAL** |

The last stage of this case after it was ostensibly settled on January 15, 2026, involves the *pro se* plaintiff's July 29, 2026, Emergency Motion for Reconsideration Regarding [Denial of Her] Motion to Vacate Settlement and Evidentiary Submissions (Motion for Reconsideration), Filing 126, and her August 4, 2026, Statement of Objections to the Magistrate Judge's Findings and Recommendation for dismissal for want of prosecution (Objections), Filing 145. For the reasons stated below, plaintiff's Motion for Reconsideration is denied, her Objections are overruled, and this case is dismissed as a sanction for the plaintiff's failure to prosecute by failing to complete dismissal documents as directed by the Court. Judgment for the defendants and against the plaintiff shall enter accordingly.

## I. INTRODUCTION

In an Amended Complaint filed by court-appointed counsel, plaintiff Sheila Triplett asserted several claims under state and federal law relating to her residence in publicly subsidized housing against defendants Seldin Company, the owner and operator of the housing complex where Triplett was residing, and certain of its officers and employees. Filing 28 at 1 (¶ 1), 3 (¶ 10), 5 (¶ 14).

### A. The Settlement and the Denial of the Motion to Vacate It

At a settlement conference on January 15, 2026, with United States Magistrate Judge Jacqueline M. DeLuca, the parties reached a settlement after several hours of negotiation, and the terms of that settlement were then read into the record and orally accepted by all participants. Filing 74 (minutes); Filing 75 (audio recording). Judge DeLuca set a deadline of February 17, 2026, for the parties to file a joint stipulation for dismissal (or other dispositive stipulation) that would fully dispose of the case. Filing 76 at 1 (¶ 1). Judge DeLuca cautioned that "[a]bsent compliance with this order, this case (including all counterclaims and the like) may be dismissed without further notice." Filing 76 at 1 (¶ 2). On February 19, 2026, Judge DeLuca granted the first extension of the deadline for filing of dismissal documents to March 6, 2026, upon the parties' agreement. Filing 78. Triplett subsequently balked at signing a written settlement agreement and dismissal papers, and her counsel was allowed to withdraw. Filing 82 (audio recording); Filing 83 (minutes); Filing 86 (order). Judge DeLuca once again extended the deadline for filing dismissal papers to April 1, 2026. Filing 85.

Triplett—once again *pro se* as she was when she initiated the lawsuit—eventually filed her Supplemental Motions to Vacate Settlement Agreement on March 13, 2026, and March 16, 2026, respectively. Filing 87; Filing 89.[1] Those motions prompted Judge DeLuca to stay the deadline for dismissal papers pending further order of the Court. Filing 90. Triplett subsequently filed an "URGENT: [Notice of] Document Forgery, Fraud, and Unauthorized Disclosure of Protected Medical Information on May 19, 2026. Filing 107. That Notice was followed on May 29, 2026,

[1] The versions of the Motions are identical, but the earlier one lacks the plaintiff's signature and attaches supporting documents not attached to the later version. *See* Filing 87. The Motions are described as "Supplemental" because each "asks this Court to consider . . . grounds, which were not fully presented at the March 6, 2026 hearing" on counsel's motion to withdraw. Filing 87 at 1; Filing 89 at 1. Because the Motions, Filing 87 and Filing 89, are identical, the Court will cite only Filing 89 for Triplett's arguments.

by Triplett's Motion for Sanctions and Order to Show Cause Regarding Defendants' Unauthorized Acquisition of Plaintiff's Protected Medical Records. Filing 108.

On June 18, 2026, after full briefing, the undersigned entered its Memorandum and Order on *Pro Se* Plaintiff's Motions to Vacate Settlement Agreement and Objections to Terms of Proposed Settlement and Plaintiff's Notice and Motion for Sanctions (Memorandum and Order). Filing 114. In that Memorandum and Order, the Court denied Triplett's most recent request for appointment of counsel; denied Triplett's Motions to Vacate Settlement Agreement; ordered the enforcement of the oral settlement entered on the record at the conclusion of the settlement conference on January 15, 2026; and denied Triplett's Motion for Sanctions and Order to Show Cause Regarding Defendants' Unauthorized Acquisition of Plaintiff's Protected Medical Records. Filing 114 at 25. The Court also directed Judge DeLuca to set a deadline for the parties to submit necessary dismissal papers fully resolving the case. Filing 114 at 25. In her Motion for Reconsideration now before the Court, Filing 126, Triplett challenges the part of the Memorandum and Order denying her Motions to Vacate Settlement Agreement.

The Memorandum and Order did not bring the case to as swift a conclusion as might reasonably have been expected. Judge DeLuca promptly set a deadline of July 22, 2026, for the parties to file a joint stipulation for dismissal or other dispositive stipulation that would fully dispose of the case. Filing 115 at 1 (¶ 1). Judge DeLuca again cautioned that "[a]bsent compliance with this order, this case (including all counterclaims and the like) may be dismissed without further notice." Filing 115 at 1 (¶ 2). Triplett sought a 60-day extension of the deadline to submit settlement documents so that she could find new counsel, Filing 116, but Judge DeLuca denied that motion. Filing 119.

On July 15, 2026, Defendants requested a status conference, explaining that the Dakota County Sheriff's Department had made numerous attempts to serve Triplett personally with a

settlement check in the required amount and an accompanying letter, but it had not been able to effect service. Filing 120 at 1. They represented further that Defendants' counsel had attempted to contact Triplett by email and telephone but had also failed. Filing 120 at 1–2. Judge DeLuca held the requested status conference on July 24, 2026, at which she gave the parties until July 31, 2026, to file a joint stipulation for dismissal, or Judge DeLuca would recommend that the case be dismissed. Filing 125.

**B. Triplett's Motion for Reconsideration and Defendants' Request for Dismissal**

On July 29, 2026, within two days of the deadline to submit dismissal papers, Triplett filed her Motion for Reconsideration of the Court's Memorandum and Order "and any pending instructions regarding enforcement of the verbal settlement agreement." Filing 126 at 1. That Motion is now before the Court. Triplett's Motion for Reconsideration did not include a request for a stay of the deadline to file dismissal papers. Triplett filed with her Motion for Reconsideration a copy of "the release and settlement agreement that drastically harms [her] that the defendants and [her] lawyer both expected [her] to sign." Filing 127 at 1. Triplett did so, even though the Court made clear in its Memorandum and Order that it was enforcing only the oral agreement entered on the record at the end of the settlement conference, to which all parties orally consented, not the proposed written release and settlement agreement. Filing 114 at 25 (¶ 2). Also at that time, Triplett filed a Motion for Reasonable Accommodation/Reasonable Modification requesting an extension of time for her to vacate her dwelling, Filing 128; a letter to the undersigned and Judge DeLuca apologizing for doing anything wrong because Triplett does not have an attorney, Filing 129; her "Declaration . . . Regarding Duress and Lack of Capacity During January 15, 2026 Settlement Conference," Filing 130; and her Notice of "Incorporation of Prior Docket Record" from parts of her original Complaint and supporting documents, Filing 131.

By text order, Judge DeLuca allowed Defendants to respond to Triplett's Motion for Reasonable Accommodation/Reasonable Modification, which they did in writing on July 30, 2026. Filing 135. Judge DeLuca then entered a text order denying Triplett's motion for Reasonable Accommodation. Filing 137. The text order stated further, "Despite the Court giving Plaintiff numerous opportunities to comply with the Court's deadlines, she continues to fail to comply. Plaintiff has not demonstrated good cause to extend any of these deadlines." Filing 137.

On July 31, 2026, Defendants filed a "Status Pleading and Request for Dismissal," requesting dismissal of this matter with prejudice based on Triplett's failure to perform her obligations pursuant to the settlement and representing that they had performed their own obligations in good faith. Filing 139. That same day, Triplett filed her Emergency Motion for Extension of Time to Submit Settlement Documents and Request for Emergency Status Conference primarily complaining that Defendants' counsel had withheld the proposed Joint Dismissal document unless she vacated her dwelling. Filing 141.

### C. Judge DeLuca's Findings and Recommendation and Triplett's Objections

On August 3, 2026, Judge DeLuca filed the Findings and Recommendation, Filing 142, that is the subject of Triplett's Objections, Filing 145. In her Findings and Recommendation, Judge DeLuca recommended "pursuant to 28 U.S.C. § 636(b), that this lawsuit be dismissed for want of prosecution without further notice." Filing 142 at 2. Judge DeLuca also entered a text order denying Triplett's Motion to Extend. Filing 143.

On August 4, 2026, Triplett filed three documents. The first is her Notice of Objection to Proposed Joint Stipulation for Dismissal With Prejudice, Notice Regarding Non-Receipt of Settlement Funds, and Notice of Material Inaccuracies in Defendants' Representations to this Court. Filing 144. The second is her Statement of Objections to the Magistrate Judge's Findings and Recommendation (Filing No. 142), which is now before the Court. Filing 145. The third

document that Triplett filed on August 4, 2026, is her Notice of Willingness to Execute Dismissal Upon Receipt of Complete Settlement Documents and Payment. Filing 146. These were not Triplett's final submissions on the issue of the settlement, however.

On August 11, 2026, Triplett filed a "Supplement to Her Statement of Objections — Notice of Receipt of Settlement Check." Filing 149. The same day, Triplett filed her "Second Supplement — Notice of Homelessness." Filing 150. On August 12, 2026, Defendants filed a Response to Plaintiff's Supplement to Her Statement of Objections (Doc No. 149). Filing 151.

With those filings, the procedural odyssey came to an end.

## II. LEGAL ANALYSIS

The Court will address separately Triplett's Motion for Reconsideration and her Objections to the Findings and Recommendation for dismissal of this case.

### A. Triplett's Motion for Reconsideration

On July 29, 2026, Triplett filed her "Emergency Motion for Reconsideration Regarding [Denial of Her] Motion to Vacate Settlement and Evidentiary Submissions" (Motion for Reconsideration). Filing 126. Defendants filed no response to that Motion for Reconsideration.

#### *1. Triplett's Arguments for Reconsideration*

In her Motion for Reconsideration, Triplett asks the Court "to reconsider its prior text orders, its Memorandum and Order dated June 18, 2026 (Filing 114), and any pending instructions regarding the enforcement of the verbal settlement agreement." Filing 126 at 1. In her introductory paragraphs, Triplett states,

> Plaintiff further submits this formal, detailed chronological tirneline and objective physical, clinical, and situational evidence of severe medical and cognitive duress.
>
> Plaintiff acknowledges that in prior filings, due to severe cognitive impairments, a documented Traumatic Brain Injury (TBI), extreme grief, and a total lack of legal counsel, Plaintiff mistakenly submitted substantive trial evidence regarding the apartment's physical conditions, rather than evidence establishing the invalidity of the settlement agreement itself. Plaintiff respectfully asks this Court to consider this corrected evidentiary submission in the interest of justice.

Filing 126 at 1.

Triplett's argument for reconsideration has three principal prongs. The first prong is her assertion that she was under stress from her father's illness at the time of the settlement conference. She summarizes this prong of her argument as follows:

> Plaintiff states with complete certainty that she would never have discussed a monetary payment during the settlement conference bad she been in her right frame of mind. From day one as her Complaint and all her filings demonstrate - Plaintiff never wanted a settlement. She consistently stated she would never settle; she wanted her day in court, to sit on the stand and tell the judge and jury what this corporation did to her and does to its tenants. The settlement conference discussed only money, which Plaintiff never wanted and never sought. Plaintiff never named a dollar figure in any document, always leaving that determination to a jury. Plaintiff deserves a trial, because what this corporation did to her is catastrophic and irreparable, and enforcing this settlement does not make her whole - it allows a large corporation to escape accountability for the harm it inflicted.

Filing 126 at 4. The second prong of her argument is "that the record requires closer examination of the breakdown in the attorney-client relationship, which directly compromised the 'knowing and voluntary' requirement of any agreement." Filing 126 at 4. The third prong of her argument is that the Court incorrectly concluded that she had "failed to provide 'clear and convincing evidence' of a weak or unbalanced mind under Nebraska Law at the time of execution [of the oral settlement agreement]." Filing 126 at 5. Triplett argues,

> Plaintiff respectfully submits that, due to severe cognitive impairment, neurotoxic brain fog, acute grief, and the absence of counsel, Plaintiff previously failed to present the required objective medical proof. Plaintiff now provides that evidence through Exhibit A (the death certificate establishing the timeline of severe emotional trauma) and Exhibit B (certified laboratory blood work establishing severe neurotoxic exposure affecting cognitive function and processing). Equity requires the Court to reconsider its ruling in light of this corrected, objective record.

Filing 126 at 5.

As relief, Triplett prays that the Court will "[r]econsider its prior rulings and decline to enforce the verbal settlement agreement"; "[v]acate the oral agreement of January 15, 2026";

"[d]eny any recommendation or order of dismissal"; and [r]estore this case to the trial docket to be decided on its merits." Filing 126 at 5.

*2. Applicable Standards*

Triplett does not identify the legal standards applicable to her Motion for Reconsideration, and her arguments demonstrate that she is unfamiliar with them. Thus, the Court will summarize those standards here.

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted). The Eighth Circuit Court of Appeals has explained, "Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis in the original); *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) (noting that a motion under Rule 59(e) "is reserved for final judgments"). The Eighth Circuit has stated that it "construes motions for reconsideration of non-final orders as motions under Rule 60(b) . . . ." *Kohlbeck*, 7 F.4th at 734 n.2 (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018)). Rule 60(b) expressly states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for listed reasons. Fed. R. Civ. P. 60(b). Thus, Rule 60(b) is applicable here.

Although Rule 60(b) specifies various grounds for setting aside a final judgment or order—including "any other reason that justifies relief"—the Eighth Circuit has explained that relief pursuant to Rule 60(b) is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances." *Williams*, 891 F.3d at 706 (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)); *accord* *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) ("[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be

granted only upon an adequate showing of exceptional circumstances." (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014))).[2]

Thus, "[i]n the civil context, [the Eighth Circuit] has been clear that a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. V. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)); *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration [pursuant to Rule 60(b)] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988))). Rule 60(b) motions are not appropriate simply to reargue the merits of a claim or prior motion. *Broadway*, 193 F.3d at 989–90 ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is

[2] Rule 60(b) provides in its entirety,

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

not a vehicle for simple reargument on the merits. This ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.").

*3. Triplett Cites Nothing that Warrants Setting Aside the Memorandum and Order*

The deficiencies of Triplett's Motion for Reconsideration are numerous. The first is that Triplett's complaints about the Court's denial of her motion to vacate the settlement agreement fall well short of showings of exceptional circumstances or any grounds for the extraordinary relief of setting aside the Memorandum and Order enforcing the oral settlement agreement. *See Williams*, 891 F.3d at 706 (explaining that relief pursuant to Rule 60(b) is "extraordinary" and "may be granted upon an adequate showing of exceptional circumstances" (quoting *Jones*, 512 F.3d at 1048)); *accord Wagstaff & Cartmell, LLP*, 40 F.4th at 842. Triplett cites nothing in the Court's Memorandum and Order that constitutes a "manifest error" of law or fact. *See Luger*, 837 F.3d at 875 (stating this alternative for relief on a motion for reconsideration). She challenges no legal authority on which the Court based its ruling, and she challenges no factual conclusions in light of the record before the Court at the time.

At the time of its ruling, the Court was well aware of Triplett's assertions that she was under "duress" at the time of the settlement conference and that her goal had always been a trial not a settlement. *Compare* Filing 114 at 9 (summarizing Triplett's argument), *with* Filing 126 at 4 (arguing that her goal was always a trial and that she was not in the right frame of mind to consider settlement). The Court was also well aware of Triplett's allegations about her counsel's failure to represent her interests and pressure to settle. *Compare* Filing 114 at 9 *with* Filing 126 at 4. The Court rejected these arguments, and Triplett makes no showing of extraordinary circumstances that would warrant setting aside the Court's conclusions.

Triplett does challenge the Court's determination that at the time of the Memorandum and Order, Triplett had failed to provide clear and convincing evidence of a weak or unbalanced mind

under Nebraska law at the time she executed the oral settlement agreement. Filing 126 at 5; *see also* Filing 114 ("Although Triplett states that she suffers from various mental conditions, those mental conditions are not as a matter of law 'clear and convincing evidence' that she was 'so weak or unbalanced when the instrument was executed that [she] could not understand or comprehend the purport and effect of what . . . she was doing.'" (quoting *In re Tr. Created by Nabity*, 854 N.W.2d 551, 559 (Neb. 2014)). She offers what she describes as "objective medical proof" in support of that challenge. Filing 126 at 5. The problem is that the "objective medical proof" that she submits is not "newly discovered evidence" nor is it evidence that could not have been discovered sooner with reasonable diligence. *See Luger*, 837 F.3d at 875 (explaining that a motion for reconsideration may be based on "newly discovered evidence"); Fed. R. Civ. P. 60(b)(2) (stating as a ground for relief "newly discovered evidence" that could not have been discovered "with reasonable diligence"). That proof existed—and Triplett knew about it—at the time that the Court entered the Memorandum and Order on June 18, 2026, so that it could have been timely presented. *See* Filing 126 at 5. Triplett first cites her father's death certificate, and while the date of death is redacted on the certificate, Filing 126 at 8 (Exhibit A), Triplett elsewhere stated that her father passed away on February 4, 2026, Filing 126 at 3. She also cites "certified laboratory blood work" as establishing neurotoxic exposures, Filing 126 at 5, but the laboratory report is dated June 2, 2025, more than a year before the Court filed its Memorandum and Order, Filing 126 at 11–12 (Exhibit B).

Triplett seems to recognize that she is not offering "newly discovered" evidence because she admits that she "previously failed to present the required objective medical proof" and now offers a "corrected evidentiary submission in the interest of justice." Filing 126 at 1. Evidence that was available and known to the movant at the time of the decision, even if not presented to the Court, is not a basis for reconsideration. *See* Fed. R. Civ. P. 60(b)(2) (permitting reconsideration

based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)").

Ultimately, Triplett does nothing more in support of her Motion for Reconsideration "than reargue, somewhat more fully, the merits of" her duress claim, but "[t]his is not the purpose of Rule 60(b)." *Broadway*, 193 F.3d at 989–90. A motion for reconsideration is not intended to relieve a party of the consequences of poorly supporting its position the first time around. *See id.* at 990; *see also Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451, 466, 2017 WL 3263745 (6th Cir. 2017) (unpublished) ("Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple.").

Consequently, Triplett's Motion for Reconsideration is denied in its entirety.

### B. Triplett's Objections to Judge DeLuca's Findings and Recommendation

This case is also before the Court on Triplett's August 4, 2026, Statement of Objections to the Magistrate Judge's Findings and Recommendation for dismissal for want of prosecution. Filing 145. As support for her Statement of Objections, Triplett also filed a Notice of Objection to Proposed Joint Stipulation for Dismissal With Prejudice, Notice Regarding Non-Receipt of Settlement Funds, and Notice of Material Inaccuracies in Defendants' Representations to this Court. Filing 144. The Court will consider Triplett's Objections in turn. However, the Court will first summarize the standards for objections to a magistrate judge's Findings and Recommendation.

#### *1. Applicable Standards*

When a party objects to a magistrate judge's proposed findings and recommendations, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) (When a party timely objects to a magistrate judge's report and recommendation, the district

court is required to make a de novo review of the record related to the objections . . . ."); Fed. R. Civ. P. 72(b)(3). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under de novo review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[ ] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). De novo review is non-deferential and requires an independent review of the entire matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law . . . .")

*2. Triplett's Objections*

a. Objection to Finding that "No Dismissal Was Filed"

Triplett's first objection is,

> To the finding that "No dismissal was filed" and that "the parties have not filed a joint stipulation for dismissal" - because Defendants withheld the stipulation documents from Plaintiff and then delivered only a blank page on the deadline day.

Filing 145 at 1. Triplett argues that Judge DeLuca did not know that Defendants' counsel emailed her on July 14, 2026, that Defendants would not provide the joint stipulation paperwork until Triplett had vacated her apartment. Filing 145 at 2 (citing Filing 145 at 9). That contention is belied by Triplett's own Emergency Motion for Extension of Time to Submit Settlement Documents and Request for Emergency Status Conference, filed July 31, 2026, stating this allegation prior to Judge

DeLuca's Findings and Recommendation. Filing 141 at 1. She also argues that what she ultimately received by email on July 31, 2026—the deadline for filing—was a single page containing a caption, a one-sentence dismissal clause, and signature lines, but it did not include any settlement amount, payment terms, confirmation of payment, or protection for her of any kind. Filing 145 at 2 (citing Filing 145 at 7).

Reviewing this matter de novo, *see* 28 U.S.C. § 636(b)(1) (stating the standard of review); *accord Gonzales*-Perez, 241 F.3d at 636, the Court finds that Triplett—by her own admission—received the joint stipulation paperwork on the day it was due to be filed, thus eliminating a demand that she move out of her dwelling first. That admission demonstrates that the joint stipulation paperwork could have been timely returned and filed with diligent action. Triplett also admits that the proposed dismissal paper was not "a blank page," as stated in her objection, because it actually did contain the required language of a stipulation for dismissal. *Compare* Filing 145 at 1 *with* Filing 145 at 2. The proposed Joint Stipulation for Dismissal with Prejudice, which Triplett attached to her Statement of Objections, properly states in its entirety, "COMES NOW Plaintiff Sheila Lynn Triplett and Defendants Seldin Company; Alicia Clark; Jenny Clayton; Ashley McK.ibbin, and Sheri Ware for the purpose of dismissing all claims in this lawsuit with prejudice." Filing 145 at 7. This Joint Stipulation met the requirements of Judge DeLuca's repeated directions to file a joint stipulation for dismissal. Triplett's demands that the stipulation should have contained the terms of the settlement to provide her with necessary protection is unavailing. The Court had already provided all the necessary protection by ordering enforcement of the oral agreement entered into on January 15, 2026.

This objection is overruled.

b. Objections to Judge DeLuca's Findings

Triplett's next three objections relate to Judge DeLuca's findings in support of her recommendation for dismissal. These objections all relate to the following paragraph of Judge DeLuca's Findings and Recommendation:

> As of this date, the parties have not filed a joint stipulation for dismissal or other dispositive stipulation. In addition, the Court has evidence indicating Plaintiff is not following through with actions she has told the Court she will perform (i.e., retrieving the settlement check). Filing Nos. 124, 139. Despite the Court giving Plaintiff numerous opportunities to comply with the Court's deadlines, she continues to fail to comply. Plaintiff has not demonstrated good cause to extend any of these deadlines or otherwise comply with the settlement agreement.

Filing 142 at 2.

Triplett objects,

> To the finding that Plaintiff "is not following through with actions she has told the Court she will perform (i.e., retrieving the settlement check)" - because the full circumstances show inability, not unwillingness, and the check is apparently no longer retrievable.

Filing 145 at 2. Triplett argues that she was unable to retrieve the check from the Sheriff's Office as she had told Judge DeLuca she would do because she learned after the conference that it was 102º F, her bicycle had no brakes and no functioning gear shifts, and an 8- or 10-mile round trip in those circumstances was beyond her physical abilities. Filing 145 at 2. She represents that she then telephoned the sheriff's office and was first told that the check could not be found and then that it was no longer there, so the trip to retrieve it would have been of no use even if she had made it. Filing 145 at 2. She argues that Defendants' Status Pleading and Request for Dismissal, Filing 139, filed July 31, 2026, leaves out that information. Filing 145 at 2.

Next, Triplett objects,

> To the finding that Plaintiff "continues to fail to comply" despite "numerous opportunities" - because Plaintiff has been actively litigating and communicating throughout, under severe structural disadvantages.

Filing 145 at 2. She contends that "want of prosecution" does not fit the record, which she contends shows that she moved to vacate the settlement, moved to reconsider denial of that request, sought reasonable accommodations, and provided the Court with written notices, all demonstrating that she had not abandoned her case. Filing 145 at 3. She also asks the Court to consider the "structural imbalance" in the case between a *pro se* litigant who must file by FedEx delivery at a cost in time and money and Defendants who can instantly file electronically. Filing 145 at 3. She argues that this imbalance meant that she could not respond between the transmittal of the stipulation on July 31, 2026, and Judge DeLuca's Findings and Recommendation on August 3, 2026. Filing 145 at 3.

In her last factual objection, Triplett objects,

> To the finding that Plaintiff "has not demonstrated good cause" - because the facts constituting good cause were not before the Magistrate Judge.

Filing 145 at 3. Triplet argues that she certainly had good cause, because of Defendants' improperly conditioning delivery of the stipulation on her vacating her apartment; the conditions that prevented her from collecting the check from the Sheriff's Office on July 24, 2026; the eventual receipt of what she calls the "blank" proposed stipulation on the day it was due; her non-receipt of the settlement funds; her disabilities; her father's death; and her inability to file electronically. Filing 145 at 3.

Making its own determination of disputed issues on de novo review, *see Branch*, 886 F.2d at 1046, the Court concludes that Triplett's objection to the finding that she "is not following through" misses the point. Judge DeLuca had no reason to know most of the reasons that Triplett now says caused her failure to retrieve the settlement check. Importantly, Triplett had adequate opportunity to inform Judge DeLuca of her inability to retrieve the check as promised between her attempt to retrieve the check on July 24, 2026, and Judge DeLuca's Findings and Recommendation on August 3, 2026, with a full business week in between. Her failure to do so is another indication

of failure to follow through. Triplett's objection also misses the point in light of Judge DeLuca's other findings in the same paragraph, even though Triplett also objects to them.

On de novo review, Judge DeLuca's findings in the first, third, and fourth sentences of the paragraph quoted above are fully justified by Judge DeLuca's repeated extensions of the deadline to file a joint stipulation of dismissal and notice of the consequences of failing to do so and by Triplett's repeated failures to cooperate in the submission of such a stipulation. Triplett objects to Judge DeLuca's finding that she failed to demonstrate good cause to extend the deadlines, but Triplett herself admits that "the facts constituting good cause were not before the Magistrate Judge." Filing 145 at 3. Triplett has no one but herself to blame for not making timely and adequate showings of good cause.

A *pro se* plaintiff must still comply with local rules, court orders, and the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."). The applicable local rule, NECivR 41.2, states, "At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Contrary to Triplett's contention that the record demonstrates that she had not abandoned her case, the Court concludes on de novo review that Triplett had clearly and repeatedly failed to comply with the Court's deadlines, which is an essential part of prosecution of a case.

These objections to factual findings are overruled.

c. Triplett's Objection to the Recommendation of Dismissal

Triplett's last objection is,

> To the recommendation of dismissal itself - because dismissal now would extinguish Plaintiff's claims while she remains unpaid, would reward the party that withheld the compliance documents, and lesser measures are available.

Filing 145 at 3. She argues that dismissal as recommended would "risk leaving Plaintiff with neither her case nor her payment – an outcome that would confer a windfall on Defendants, the parties whose own conduct (withholding the stipulation documents; the check's disappearance from the sheriff's office) produced the present impasse." Filing 145 at 3–4. Triplett argues further,

> Lesser measures are readily available and would resolve this matter: ordering Defendants to serve a complete stipulation stating the $75,000.00 payment and all material terms; ordering Defendants to account for the check's current status and to reissue payment in a form that does not jeopardize Plaintiff's government benefits (a special needs trust); and setting a short, final schedule for execution after Plaintiff has confirmed receipt of payment and had a brief opportunity for attorney review. Because such alternatives exist, and because Plaintiff's conduct has not been willful disobedience or intentional delay, dismissal is not warranted.

Filing 145 at 4.

As explained above, in the Court's own independent determination, *see Branch*, 886 F.2d at 1046, Judge DeLuca's recommendation that this case be dismissed for want of prosecution is fully justified. Triplett's proposal that the Court order a "complete stipulation stating the $75,000.00 payment and all material terms" seeks superfluous relief. Indeed, it is not a sanction for Triplett's delinquent conduct at all but a reward for demanding addition, extraneous terms in the stipulation for dismissal. Likewise, her other proposed lesser sanctions reward her for her delinquent conduct and failure to comply with court-ordered deadlines on frivolous grounds. That conduct supports a finding of willful disobedience or intentional delay, even though neither is required under NECivR 41.2.

This last objection is also overruled, and the Court adopts Judge DeLuca's Findings and Recommendation.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1. Triplett's July 29, 2026, Emergency Motion for Reconsideration Regarding [Denial of Her] Motion to Vacate Settlement and Evidentiary Submissions (Motion for Reconsideration), Filing 126, is denied in its entirety;

2. Triplett's August 4, 2026, Statement of Objections to the Magistrate Judge's Findings and Recommendation for dismissal for want of prosecution (Objections), Filing 145, are overruled;

3. The Court accepts Judge DeLuca's August 3, 2026, Findings and Recommendation, Filing 142; and

4. Pursuant to Judge DeLuca's Findings and Recommendation and this Court de novo review of the circumstances, this matter is dismissed in its entirety as a sanction for Triplett's failure to prosecute by failing to complete dismissal documents as directed by the Court.

Judgment for the defendants and against the plaintiff shall enter accordingly.

Dated this 14th day of September, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge